IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

    Plaintiff,

vs.

SACRAMENTO METRO PAROLE DEPARTMENT, BOARD OF PRISON TERMS,

    Defendant.

                              /

No. CIV 11-2949 MCE EFB PS

AMENDED FINDINGS AND RECOMMENDATIONS[1]

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security thereof. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

    Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time

---

[1] These findings and recommendations are amended only to correct the name of the defendant in the caption. No other modifications or amendments are made herein.

1

if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In this action, plaintiff alleges that Sacramento Metro Parole Agent Glinda Page and the Board of Prison Terms engaged in "misconduct" which resulted in plaintiff not getting "out of prison on time." Dckt. No. 1 at 2. It appears that plaintiff is complaining that in February of 2001, Glinda Page and Dr. Nigghat Zaka falsified documents stating that plaintiff was mentally disturbed. *Id.* Nevertheless, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

To the extent plaintiff is attempting to bring a civil rights action pursuant to 42 U.S.C. § 1983, his complaint fails for two reasons. First, plaintiff does not allege how the conduct complained of has resulted in a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (In order to state a claim under § 1983, plaintiffs must allege: (1) the

violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.).  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Second, the court notes that the incident complained of by plaintiff in his complaint apparently took place in 2001, over ten years prior to the filing of the pending complaint in this court.  The statute of limitations for the bringing of a § 1983 action is governed by the forum state's statute of limitations for personal injury torts.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Fink v. Shelder*, 192 F.3d 911, 914 (9th Cir. 1999).  Prior to January 1, 2003, the statute of limitations for personal injury torts in California was one year.  *See* former Cal. Civ. Proc. Code § 340(c).  Thus, any § 1983 claim related to an event that occurred in 2001 would appear to be barred by that one-year statute of limitations.

Further, plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, or a demand for judgment for the relief plaintiff seeks.  Thus, plaintiff's complaint fails to satisfy the minimum requirements for a civil complaint in federal court and does not state a cognizable claim.  Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm.*

1  *Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while
2  leave to amend shall be freely given, the court does not have to allow futile amendments).
3  The court notes that plaintiff has filed at least three previous complaints in this court making
4  essentially the same allegations that are set forth in the complaint now filed in this action.[2]  *See*
5  *Smith v. Page,* No. 2:06-cv-1860-LKK-DAD; *Smith v. Sacramento Metro Parole Division,* No.
6  2:07-cv-1654-GEB-CMK; *Smith v. Page*, No. 2:11-cv-1305-LKK-DAD.  Plaintiff's original
7  complaint in each of those cases was also dismissed for failure to state a cognizable claim for
8  reasons similar to those cited here.  *See* No. 2:06-cv-1860-LKK-DAD, Dckt. No. 4; No.
9  07-cv-1654-GEB-CMK, Dckt. No. 7; No. 2:11-cv-1305-LKK-DAD, Dckt. No. 3.  In light of this
10 history, and the obvious deficiencies noted above, the undersigned finds that it would be futile to
11 grant plaintiff leave to amend.  Accordingly, the court will recommend this action be dismissed
12 without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court
13 ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where
14 it appears amendment would be futile).
15         Accordingly, IT IS HEREBY RECOMMENDED that:
16         1. Plaintiff's request for leave to proceed *in forma pauperis* be granted;
17         2. The complaint be dismissed without leave to amend; and
18         3. The Clerk of Court be directed to close this case.
19         These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
24 ////

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE